JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion. After a review of the entire record provided by the Committee for Character and Fitness, I conclude that the Committee erred when it denied Robert Steele’s application to take the State Bar Examination.
*496 Specifically, I conclude that those findings of fact relied on by the Committee to support its denial of Mr. Steele’s application either lacked sufficient specificity so that they can be reviewed, or are unsupported by substantial evidence.
The Committee’s Finding No. 5 to the effect that Steele acknowledged violating the law is incorrect. While it is true that one member of the panel examined him at length for the purpose of establishing that he knowingly violated the law, it is clear from that examination that the panel member did not understand Steele’s responses. In sum, Steele testified that he did not file tax returns during the early 1980s because he was under criminal investigation. He had money with which to pay his taxes during those times, but based on his interpretation of the law, concluded that he would not owe any taxes. When the investigation was concluded, he filed a tax return. However, by then, the money with which to pay the taxes owed had been lost due to poor investments. Steele never stated that his failure to pay the taxes was a violation of the law. The whole point of his testimony was that he did not believe the amount was due, and that the law did not require that he file tax returns because he was under criminal investigation by the Internal Revenue Service.
Steele admitted that failure to pay taxes if a taxpayer acknowledged that they were due, and failure to file income tax returns if a taxpayer had no legal excuse for not doing so, would be violations of the law. But he vigorously denied that either circumstance pertained to him during the times that he failed to pay taxes or file returns. Therefore, the Committee’s Finding No. 6 is taken out of context, distorts the essence of his testimony, and is also clearly erroneous.
In Finding No. 7, the Committee stated that because Steele no longer has the money available with which to pay his taxes, he was financially and professionally irresponsible. Unsuccessful investments are not the equivalent of financial irresponsibility, and it is peculiar that members of this profession would find him professionally negligent as an accountant when he has never had a similar complaint filed against him, nor has he ever been disciplined as an accountant.
The Committee’s Finding No. 8 states that Steele was neither candid in his application nor before the Committee. I find no indication in the record that Steele lacked candor during his testimony before the Committee. Furthermore, since the Committee’s finding lacks any specificity and provides no example of Steele’s lack of candor, I conclude that it is insufficient as a basis for denying his *497 application to take the bar exam or be admitted to a profession for which he has studied for over three years.
The Committee’s Finding No. 9 states that Steele failed to disclose his suit against the United States on his application for certification. While that may be true, it is hardly a material basis for denying his application. Steele filed the suit and prevailed in the suit, and it had absolutely no adverse bearing on his moral character or general fitness to practice law. Furthermore, all materials relating to the suit were fully provided to the Committee at their request prior to the time any decision was rendered. This finding does not support the Committee’s conclusion that Steele was unfit to practice law.
In its Finding No. 10, the Committee stated that in spite of its requirement that Steele disclose information bearing on his character and fitness, he failed to identify two criminal investigations conducted by the IRS. However, neither criminal investigation resulted in any charge that Steele violated any law or federal regulation. Neither did any investigation lead to any complaint that Steele violated any professional rules established for certified public accountants. How then did either criminal investigation have any bearing on Steele’s fitness or character? Have we established a new presumption in our law that because someone is investigated, that investigation provides evidence of unfitness or poor character? If so, then this opinion reflects a major change in the traditional principles of justice to which our courts have previously subscribed.
In its Finding No. 11, the Committee stated that Steele applied to take the February 1991 exam, even though he was not eligible. However, the record indicates that when Steele made application to take the February bar exam he thought he would be eligible. When he filed the application, he indicated that he was still attending law school. All applicants for the bar exam anticipate their graduation date. Developments subsequent to Steele’s application required that he take one additional course, which he did. This unforeseen series of events has no bearing on his fitness to practice law.
Other than these findings, there is no factual basis in the Committee’s decision for denying Steele’s application to practice law. Since I conclude that these findings are either unsupported by the evidence, or are inadequate bases for denying his application, I dissent from the majority opinion and would reverse the Committee’s denial of Steele’s application to take the bar exam and, if successful, subsequently practice law in the State of Montana.
*498 Steele has been a certified public accountant for 20 years. During that time, he represented many clients to their satisfaction. Because of his political and legal beliefs, he has been investigated by the IRS on two separate occasions, and has been involved in civil litigation with the IRS on one occasion. In spite of those investigations, he has never been charged with a crime, nor even accused of a crime. He has never been found to have committed any ethical violation nor charged with any ethical violation. In the only civil litigation in which he was involved, he prevailed, and it was determined that the government owed him money.
It is true that because of his poor investment history and misjudgment about his legal obligations, he now owes a substantial debt to the federal and state governments. However, that debt continues to be his obligation and "will presumably be enforced by the government to its satisfaction. It does not disqualify him morally or render him unfit to take the bar examination. Steele is being denied the opportunity to practice the profession for which he has prepared for over three years because of unconventional political ideas and incorrect legal conclusions drawn prior to his admission to law school. To forever deny him the opportunity to practice a profession for which he is otherwise qualified based on these past mistakes is a substantial injustice.
JUSTICE GRAY joins in the foregoing dissent.